IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                           PLAINTIFF/RESPONDENT

VS.                 Criminal No. 2:07-cr-20028-PKH-MEF-1
                    Civil No. 2:17-cv-02045-PKH-MEF

                    Criminal No. 2:07-cr-20061-PKH-MEF-1
                    Civil No. 2:17-cv-02046-PKH-MEF

ERNEST GAYLE LAIL                                  DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 (ECF No. 37) filed

March 21, 2017, as amended and supplemented (ECF No. 43) on April 26, 2017. The United States

filed its Response on January 11, 2018. (ECF No. 47). Petitioner has not filed a reply. The matter

is ready for Report and Recommendation.

## I. Background

On May 9, 2007, Defendant/Petitioner, Ernest Gayle[1] Lail ("Lail"), was named in an

Indictment charging him with a bank robbery by force, violence and intimidation, in violation of 18

U.S.C. § 2113(a), that occurred in Fort Smith, Western District of Arkansas, on January 24, 2007.

(ECF No. 1). Lail appeared for arraignment with his appointed counsel on May 14, 2007, and he

entered a not guilty plea to the charge set forth in the Indictment. (ECF No. 3).

On September 6, 2007, Lail appeared with counsel before the Hon. Robert T. Dawson, for

a change of plea hearing. A written Plea Agreement (ECF No. 30) was presented to the Court, and

---

[1] Petitioner advised in his motion that the correct spelling of his middle name is "Gayle"
(ECF No. 43, p. 2), and the Clerk was directed to amend the docket report to reflect the correct
spelling of Petitioner's middle name (ECF No. 45).

-1-

Lail pleaded guilty to the Indictment charging him with bank robbery (ECF No. 29). The Court accepted the Plea Agreement and ordered a Presentence Investigation Report ("PSR").

Lail had also been indicted in the Eastern District of Arkansas for a bank robbery that occurred on January 8, 2007 in North Little Rock, Arkansas. (Case No. 2:07-cr-20061; ECF No. 1-6). Lail consented to the transfer of that case to the Western District of Arkansas, and the transfer was made on September 20, 2007. (Case No. 2:07-cr-20061; ECF No. 1). On October 15, 2007, Lail appeared with counsel before the Hon. Robert T. Dawson, for a change of plea hearing in that case. A written Plea Agreement (Case No. 2:07-cr-20061; ECF No. 4) was presented to the Court, and Lail pleaded guilty to the Indictment charging him with bank robbery (Case No. 2:07-cr-20061; ECF No. 3). The Court accepted the Plea Agreement and ordered a Presentence Investigation Report ("PSR").

An initial PSR was prepared on January 31, 2008. (ECF No. 40, p. 2)[2]. On February 13, 2008, the Government advised that it had no objections to the PSR. (ECF No. 40, p. 18). On February 18, 2008, counsel for Lail advised that Lail had two objections to the PSR: first, he either wanted paragraphs 44 and 46 of the PSR deleted, or alternatively, he wanted other paragraphs of the Plea Agreement, specifically paragraphs 8, 10, 13, 14 and 18, included so as not to highlight paragraphs 44 and 46 on the potential sentence; and, second, he wanted paragraph 83, regarding criminal conduct not resulting in a criminal conviction, deleted. (ECF No. 40, p. 18). Regarding Lail's first objection, the Probation Officer included the additional paragraphs of the Plea Agreement in a revised PSR. (*Id*.). No changes were made to the PSR in response to Lail's second objection

_____

[2] For the sake of brevity, only the ECF number for Case No. 2:07-cr-20028 will be noted hereafter unless otherwise indicated.

(ECF No. 40, p. 19), and a revised PSR was presented to the Court on February 27, 2008 (ECF No. 40, p. 2).

The final PSR reported a combined adjusted offense level of 28, a three-level reduction for acceptance of responsibility, resulting in a total offense level of 25. (ECF No. 40, ¶¶ 40-42).

Concerning criminal history, the final PSR noted that in 1968 Lail was convicted in the Western District of North Carolina for six bank robberies committed in Seattle, Washington, Springfield, Illinois, Las Vegas, Nevada, Fairfax, Virginia, and North Carolina. Lail was sentenced to 30 years imprisonment for those offenses, and he was paroled in 1978 after approximately 10 years of incarceration. (ECF No. 40, ¶ 54). Within two months of being paroled, Lail robbed four savings and loan associations in Greensboro, North Carolina, and he was convicted of those offenses on March 16, 1979. He was sentenced to 20 years imprisonment on one count, and 10 years imprisonment on the other counts, all to run concurrently. (ECF No. 40, ¶ 55). He escaped from a half-way house in Miami Springs, Florida in 1985. (*Id*.). While on escape status, Lail robbed another savings and loan in Delray Beach, Florida on December 23, 1985. On April 10, 1986, Lail was convicted in the Middle District of Florida on two counts of bank robbery, and he was sentenced to 20 years imprisonment on each count, to run concurrently. (ECF No. 40, ¶ 56). Lail was re-sentenced for those convictions on January 20, 1987, and he was sentenced to 25 years imprisonment on count one, plus 40 years on count two, to run consecutively. He was released on supervised release on September 15, 2006. (*Id*.). As reported in the PSR, Lail's supervised release was due to expire on January 14, 2039. (*Id*.).

Approximately four months after his release on supervised release, Lail committed the two bank robberies involved in the present case. He also committed another bank robbery in Van Buren,

-3-

Arkansas on March 21, 2007, and he pleaded guilty to that offense.  (ECF No. 40, ¶ 57).

Due to the age of some of Lail's prior convictions, he was assessed with only seven criminal history points, placing him in criminal history category IV.  (ECF No. 40, ¶¶ 58-61).  The statutory maximum term of imprisonment for the offenses of conviction is 20 years.  (ECF No. 40, ¶ 76).  With a total offense level of 25, and criminal history category IV, the advisory Guidelines range was reported to be 84 to 105 months.  (ECF No. 40, ¶ 77).

Lail appeared for sentencing in both cases on March 24, 2008.  (ECF No. 32).  The Court sentenced Lail to 105 months imprisonment on each offense, to run concurrently, three years supervised release, no fine, payment of $21,378.01 in restitution, and $200.00 in special assessments.  (ECF No. 32).  Judgment was entered by the Court in each case on March 25, 2008.  (ECF No. 33).  Lail did not pursue a direct appeal.

Approximately four years later, on January 11, 2012, Lail filed a hand-written *pro se* motion alleging that the Bureau of Prisons ("BOP") and the Federal Correctional Institution ("FCI") at Estill, South Carolina "is trying to cheat me out of eight (8) months and three (3) days."  (ECF No. 34).  Lail also requested other relief in the motion, including: an order to see an FBI agent in Los Angeles, California; to take a lie detector test; to file a "notarized Death Bed disposition"; for appointment of counsel to assist him; "[t]o file indictments against FCI Estill, S.C. Lts and other staff" for "attempted 1st degree premeditated murder, white slavery and hate crime, postal theft, [and] grand larceny"; and, to be transferred to a prison closer to his family.  (*Id*.).  Judge Dawson entered an Order denying Lail's motion on January 30, 2012.  (ECF No. 36).  Judge Dawson stated:

> "The determination of whether a defendant should be given credit for
> time served under 18 U.S.C. § 3585(b) is properly left to the Bureau
> of Prisons.   (Citation omitted.)   Defendant must utilize the

-4-

administrative procedures within the Bureau of Prisons to review the (sic) whether the Bureau of Prisons failed to properly credit him with time served. *Id.* Defendant must also use these administrative procedures to request any transfer. Once those procedures are exhausted, he may seek judicial review by filing a habeas petition under 28 U.S.C. § 2241 in the District where he is incarcerated. *Id.* Further, the Court has no power to order a criminal investigation."

(ECF No. 36).

Over five years later, on March 21, 2017, Lail filed a *pro se* motion with the Court alleging *inter alia*: theft of his mail and personal property[3] by officials at the FCI in Estill, South Carolina from March 15, 2005 to March 15, 2006 ; that upon his release from FCI Estill to a halfway house in Charlotte, North Carolina on March 15, 2006, he was not given his stock shares, patent, commissary account money, nor "the [$500] allowed for being in prison since 1985"; that officials at FCI Estill "created a white slavery & civil rights crime for profit"; that officials at FCI Estill created an eight-part mini-series using Lail as the main actor without his permission, and then sold it to ABC as a reality game show; that BOP staff at FCI Estill "collected and stole fifty Billion dollars mailed to Ernest G. Lail at Satellite C.B.S. Orangeburg, S.C., plus the billions of dollars CBS T.V. paid for the eight episode [mini-series]"; that staff at FCI Estill attempted to murder him; "attempts of malicious brutality by all B.O.P. Institutions"; that he has been denied requests to see the FBI, take a polygraph test, see the Postal Inspector General, the Inspector General, the Internal Revenue Service, or to contact any attorney; and, that his sentence ended in December 2015, and he is still being unlawfully detained. (ECF No. 37, pp. 1-9). Although Lail's motion was docketed as a motion made under 28 U.S.C. § 2255, it was not on the standard form (AO 243), and on March 23,

---

[3] Allegedly including 75,000 shares of stock worth $750 Billion and a patent worth over $1 Trillion.

2017 the Court directed the Clerk to provide a standard § 2255 form to Lail, and he was ordered to complete the form and file it within 30 days.  (ECF No. 41).

Lail filed a supplement, along with a completed § 2255 form, on April 26, 2017.  (ECF No. 43).  As grounds for relief, Lail asserts: (1) false imprisonment, in that his "sentence was completely ended in December 2015 no later than Feb. 2016," and "[t]he B.O.P. is committing a civil rights crime of kidnapping me" (ECF No. 43-1, p. 4); and, (2) that his state conviction in Crawford County, Arkansas, for which he was sentenced to 40 years in November 2007, "failed to provide fast & speedy trial, no evidence presented" (ECF No. 43-1, p. 11).  Lail seeks to have this Court "remove unlawful listed detainer of 40 years sentence" (ECF No. 43-1, p. 13).

An Order (ECF No. 45) was entered on November 29, 2017 directing the United States to respond.  After receiving one extension, the Government filed it's response on January 11, 2018.  (ECF No. 47).  In it, the Government argues that Lail's motion is untimely, that § 2255 is not the proper way to challenge the manner in which the BOP is implementing his sentence, and that this Court has no power to order an investigation of the theft or other crimes Lail alleges the BOP has committed.  Lail has not filed a reply.

## II.  Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not

authorized by law or otherwise open to collateral attack, or that there has been such a denial or

infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to

collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner

or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C.

§ 2255(b).  A thorough review of Lail's motion, and the files and records of this case, conclusively

shows that Lail is not entitled to relief, and the undersigned recommends the denial and dismissal

of Lail's § 2255 motion with prejudice without an evidentiary hearing.

## A.  Timeliness

A one year period of limitation applies to motions under 28 U.S.C. § 2255.  This period runs

from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on

which the impediment to making a motion created by governmental action in violation of the

Constitution or laws of the United States is removed, if the movant was prevented from making a

motion by such governmental action; (3) the date on which the right asserted was initially recognized

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting

the claim or claims presented could have been discovered through the exercise of due diligence.  28

U.S.C. § 2255(f).

The operative date in this case is "the date on which the judgment of conviction becomes

final," as Lail raises no issue regarding any impediment created by Government action to  making

his Motion, he asserts no right newly recognized by the Supreme Court made retroactive to cases on

collateral review, and he makes no claim based on newly discovered evidence.  An un-appealed

criminal judgment becomes final when the time for filing a direct appeal expires.  *Anjulo-Lopez v.*

*United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008). The Judgment in this case was entered on March 25, 2008. (ECF No. 33). Had Lail wished to file an appeal, he was required to do so within 14 days. *See* Fed. R. App. P. 4(b)(1)(A)(i). Lail chose not to file an appeal, and his judgment of conviction thus became final on April 8, 2008. *See Murray v. United States*, 313 F. App'x 924 (8th Cir. 2009). From that date, Lail had one year, or until April 8, 2009, to timely file his § 2255 habeas petition. Lail's § 2255 Motion was filed on March 21, 2017, almost eight years after the one-year limitations period expired. Because the Motion has been filed beyond the one-year period of limitation, the Government argues this Court lacks jurisdiction to consider the merits of Lail's claims and that the Motion should be summarily dismissed.

Timeliness is crucial to the consideration of a motion made under § 2255. *See, e.g., Alsup v. United States*, No. 09-3266-CV-S-RED, 2010 WL 376990, at pp. 2-3, (W.D. Mo. Jan. 26, 2010) (unpublished), in which the Government's motion to dismiss petitioner's § 2255 motion was granted where the § 2255 motion was filed *one day* out of time. "Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests (internal citation omitted), and limitation periods work both ways - you can be sure [petitioner] would not be pooh-poohing the prosecution's tardiness if he had been indicted one day after the statute of limitations expired for his crimes." *See also United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Here, of course, we are not dealing with Lail missing the limitations deadline by one day, but by nearly eight years. Consequently, unless either statutory or equitable tolling applies, Lail's § 2255 Motion was not timely filed and should be summarily dismissed.

### 1. Statutory Tolling

The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2-4). Lail's § 2255 Motion, as amended and supplemented, sets forth nothing in support of any of these grounds to extend the one-year limitations period. There is, therefore, no factual basis to find that any of the § 2255(f)(2-4) statutory provisions apply to this case to extend the one-year limitations period beyond the date when the judgment of conviction became final. Unless equitable tolling applies, Lail's § 2255 Motion was not timely filed and should be dismissed.

### 2. Equitable Tolling

The Eighth Circuit has held that the doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *see Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief."

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Lail has not alleged that any extenuating circumstances beyond his control prevented a timely filing, nor has he even relied on the doctrine of equitable tolling. He does not claim that some Government action made it impossible or difficult for him to uncover the facts that he now asserts in support of his claims. He does not allege that the Government somehow lulled him into inaction. He does not refer to any extraordinary circumstances, attributable to the Government or to any other external cause, that prevented him, in the exercise of reasonable diligence, from discovering the facts upon which his claims are based soon enough to enable him to bring a timely habeas petition.

In sum, Lail fails to allege any extraordinary circumstances beyond his control that prevented him from timely filing his § 2255 Motion. Nor has Lail shown that he exercised due diligence in the pursuit of his rights. He has failed to allege and establish any factual basis whatsoever to fit within the "exceedingly narrow window of relief" that equitable tolling provides, and his § 2255 Motion should be dismissed as untimely.

## B. Lack of Subject Matter Jurisdiction

Aside from his claims that the BOP facility in Estill, South Carolina has stolen his mail, money, and other assets, Lail's primary claim is that he is being unlawfully detained after having fully served his 105 month sentence.

After a district court sentences a federal offender, the United States Attorney General, through the BOP, has the responsibility of administering the sentence imposed. *See* 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992). The Attorney General computes the amount of jail credit after a defendant begins serving his sentence. *Id*. Prisoners are entitled to administrative review of the computation of their credits. *See* 28 C.F.R. §§ 542.10-542.16. After

properly exhausting these administrative remedies, an inmate may seek judicial review through filing

a habeas corpus petition under 28 U.S.C. § 2241.  *Id*.; *United States v. Pardue*, 363 F.3d 695, 699

(8th Cir. 2004).  These are the proper administrative and judicial avenues through which Lail may

resolve any dispute about the computation of his sentence.

    Lail does not challenge the validity or legality of his convictions and sentences in this case.

Instead, he challenges whether the BOP should still be detaining him after, he alleges, he has fully

served the sentences imposed by this Court.  An attack on the execution of a sentence through § 2241

must be filed in the district where the inmate is incarcerated.  *See Bell v. United States*, 48 F.3d 1042,

1043 (8th Cir. 1995).  Further, a petitioner seeking habeas corpus relief under § 2241 must name his

custodian as respondent and file the petition in a district court that has jurisdiction over his

custodian.  "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the

person who holds him in what is alleged to be unlawful custody."  *Braden v. 30th Judicial Circuit

Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (internal citation omitted).  "[T]he language of §

2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the

custodian."  *Id.* at 495.

    Lail is presently designated to the Fairton Federal Correctional Institution located in Fairton,

New Jersey.  Accordingly, this Court lacks subject matter jurisdiction to consider any claim by Lail

for § 2241 relief.  After first exhausting his administrative remedies, Lail may seek judicial review

by filing a habeas petition under 28 U.S.C. § 2241 in the District where he is incarcerated.

### C.  Lail's Remaining Claims Are Not Cognizable Under § 2255

    Much of Lail's motion, as amended and supplemented, relates to various claims of theft,

abuse, and other criminal acts allegedly taken by BOP officials against him.  Lail wants "to be

-11-

allowed to take a polygraph test in front of a Federal Judge" (ECF No. 37, p. 9), and he requests "a civil law suit and the indictment of criminal charges" against those responsible (ECF No. 43, p. 2). As the Government points out, these claims are virtually identical to those Lail brought before this Court in his motion (ECF No. 34) filed on January 11, 2012. For the same reasons that motion was denied on January 30, 2012, the claims in Lail's present motion should be summarily dismissed.

These claims are not cognizable under 28 U.S.C. § 2255 because Federal Courts are not authorized to conduct, or to compel, criminal investigations. Lail fails to appreciate the separation of powers provided for by the United States Constitution.

Under our Constitution, the Executive Branch of the Federal Government, not the Judicial Branch, is responsible for conducting criminal investigations and bringing criminal charges. The Constitution precludes Federal Courts from interfering in those responsibilities. *See, United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1012-13 (8th Cir. 2001) (recognizing right of executive branch in deciding who may be criminally charged); *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."), *cert. denied*, 532 U.S. 1019 (2001), *citing* U.S. Const. Amend. XI, Art. II, § 3.

Just as Judge Dawson held on January 30, 2012, this Court has no power to order a criminal investigation into Lail's claims of theft and other criminal acts by the BOP. Further, Lail's motion indicates that none of the alleged criminal acts by the BOP occurred within the Western District of Arkansas, so this Court would not be the proper venue for any criminal prosecution of such acts, *see*

-12-

Fed. R. Crim. P. 18, or for any civil action arising from those acts, *see* 28 U.S.C. § 1391.

## D. No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). Such are the circumstances in this case. Accordingly, the summary dismissal of Lail's § 2255 Motion without an evidentiary hearing is recommended.

## E. No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *Slack v. McDaniel*, 529 U.S. 473 (2000). Lail has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

## III. Conclusion

For the reasons and upon the authorities discussed above, it is recommended that Lail's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No's. 37, 43) be **DISMISSED with PREJUDICE**. It is further recommended that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of January 2018.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

-14-