UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                    No. 2:07-CR-20028

ERNEST GAYLE LAIL                                                                      DEFENDANT

## OPINION AND ORDER

Defendant Ernest Gayle Lail filed a motion (Doc. 50) for release from custody and a supplement (Doc. 53) and amended supplement (Doc. 54) following appointment of counsel to represent him on this motion. Defendant then filed his own pro se supplement (Doc. 57). The Government has filed a response (Doc. 58) in opposition. The motion will be denied.

On September 6, 2007, Defendant pled guilty in this case to one count of bank robbery by force in violation of 18 U.S.C. § 2113(a). On October 15, 2007, Defendant pled guilty in a companion case, 2:07-CR-20061, to a separate count of bank robbery by force in violation of 18 U.S.C. § 2113(a). On March 24, 2008, Defendant was sentenced to 105 months of imprisonment in each case, with terms to run concurrently to one another, and 3 years of supervised release. Defendant's project date of release is January 21, 2021. His motion requests a sentence reduction that would result in his early release in response to the COVID-19 pandemic.

The Court may modify a defendant's term of imprisonment if the defendant has exhausted BOP administrative remedies (or that process has stalled), extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c). In this case, the § 3553(a) factors do not support modification. Defendant committed multiple back-to-back bank robberies—one of which was the offense of conviction in this case—in January and

February of 2007.  (Doc. 40, pp. 4, 57).  These robberies were committed within months of Defendant's release in September of 2006 from a term of imprisonment imposed in 1986 on two counts of bank robbery.  Those robberies were committed after Defendant escaped from a halfway house to which he had been paroled following a term of imprisonment imposed in 1979 on four counts of bank robbery.  Those bank robberies occurred within two months of Defendant's parole following a term of imprisonment imposed in 1968 on six counts of bank robbery.  Furthermore, though his disciplinary issues during this incarceration have decreased in recent years, his disciplinary record is substantial.

Having considered the nature and circumstances of Defendant's offense in light of his history and characteristics and the need to protect the public, the Court cannot find that early release is warranted.

IT IS THEREFORE ORDERED that the motion (Doc. 50) is DENIED.

IT IS SO ORDERED this 4th day of September, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE